**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| OX BIOMED LLC, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v., | ) | Case No.: 3:26-cv-917 |
| | ) | |
| ADVANTAGE DERMATOLOGY, | ) | |
| P.A., | ) | |
| | ) | |
|     Defendant. | ) | |
| | ) | |
| | ) | |
| _____ | / | |

## COMPLAINT

Plaintiff, OX BioMed LLC, by and through its undersigned counsel, sues Defendant, ADVANTAGE DERMATOLOGY, P.A., and alleges as follows:

## PARTIES, JURISDICTION & VENUE

1.  Plaintiff, OX BioMed LLC ("OX"), is a limited liability company organized and operating under the laws of Nevada, having its principal address at 9805 Double R Boulevard, Suite 101, Reno, Nevada 89521, and is authorized to conduct business in Florida, including Duval County, Florida. The members of OX are Amato Medical LLC (CA LLC), Alpine Investment Research Inc. (NV LLC), and BioGenX, LLC (Wyoming LLC). The members of such entities are as follows: (i) Amato Medical LLC – Karl Winkelman (citizen of California); (ii) Alpine

Investment Research Inc. – Stephen Stafford (citizen of Nevada); and (iii) BioGenX, LLC – Jerem Sutherland (citizen of Nevada). Accordingly, OX is a citizen of Nevada, Wyoming, and California.

2. Defendant, Advantage Dermatology, P.A. ("Defendant"), is a profit corporation organized under the laws of Florida, having its principal address at 1514 Nira Street, Jacksonville, Florida 32207. Accordingly, Defendant is a citizen of Florida.

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000.00, exclusive of interest, costs, and collection expenses, and there is complete diversity of citizenship between OX and Defendant.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because Defendant maintains its principal place of business in this District. In addition, venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the action occurred in this District.

## FACTUAL ALLEGATIONS

5. OX is a privately held medical distribution company that works with healthcare providers to supply advanced wound care products, streamlined logistics, and clinical support systems.

6.     Defendant operates as a dermatology office and provides medical, surgical, and cosmetic dermatology services and procedures to its patients.

**The April 29, 2025 Consignment Agreement**

7.     On or about April 29, 2025, OX and Defendant entered into a written Consignment Agreement governing the terms under which OX would deliver the human cell, tissue, and xenograft products identified in Exhibit A of the Consignment Agreement (the "Products") to Defendant, which were intended for medical and dermatological use by Defendant.

8.     The April 29, 2025 Consignment Agreement was executed by the parties on or about May 12, 2025.

9.     Pursuant to the April 29, 2025 Consignment Agreement, OX delivered Products to Defendant on a consignment basis and retained ownership of the Products until utilized by Defendant.

10.     Pursuant to the April 29, 2025 Consignment Agreement, Defendant was required to track and notify OX of its utilization of the delivered Products within five (5) business days of the Products use by Defendant.

11.     Upon Defendant's notification of their utilization of the Products, the April 29, 2025 Consignment Agreement states that "OX will issue a Purchase Order and invoice to [Defendant], in accordance with Section 2 of this Agreement."

12. Section 2 of the April 29, 2025 Consignment Agreement provides that Defendant shall pay all invoices within sixty (60) days of receipt.

13. The April 29, 2025 Consignment Agreement allows OX to levy a finance charge of 1.5% per month, or the maximum amount permitted by law, whichever is less, plus all expenses incurred in collection if Defendant failed to make full payment due on each invoice within sixty days of the date the invoice was received by Defendant.

**Defendant's Utilization of Products and Unpaid Invoices
Under the April 29, 2025 Consignment Agreement**

14. OX delivered certain Products to Defendant pursuant to the April 29, 2025 Consignment Agreement.

15. Defendant received, accepted, utilized, and otherwise retained all of the Products that were delivered pursuant to the April 29, 2025 Consignment Agreement.

16. Pursuant to the April 29, 2025 Consignment Agreement, Defendant agreed to pay OX for all Products for which an invoice was issued.

17. Based on Defendant's utilization of the Products, OX issued no less than one hundred twenty (120) invoices to Defendant for payment of each of the Products that Defendant utilized pursuant to the April 29, 2025 Consignment Agreement.

18. The invoices OX issued identified the Products utilized by Defendant, the pricing applicable to those Products, and the total amounts owed by Defendant pursuant to the April 29, 2025 Consignment Agreement.

19. Defendant received all invoices that OX issued for the Products that Defendant utilized pursuant to the April 29, 2025 Consignment Agreement.

20. Defendant has failed and/or refused to pay all invoices OX issued for the Products utilized by Defendant pursuant to the April 29, 2025 Consignment Agreement.

21. Specifically, Defendant has not made any payments on the following invoices OX issued for the Products Defendant utilized pursuant to the April 29, 2025 Consignment Agreement:

| Date Issued | Invoice No. | Amount Due | Due Date |
|---|---|---|---|
| 09/19/2025 | 6424 | $25,457.08 | 11/18/2025 |
| 09/19/2025 | 6427 | $25,457.08 | 11/18/2025 |
| 09/19/2025 | 6428 | $25,457.08 | 11/18/2025 |
| 09/23/2025 | 6429 | $6,364.27 | 11/22/2025 |
| 09/23/2025 | 6430 | $12,728.54 | 11/22/2025 |
| 09/23/2025 | 6431 | $6,364.27 | 11/22/2025 |
| 09/23/2025 | 6432 | $12,728.54 | 11/22/2025 |
| 09/23/2025 | 6433 | $6,364.27 | 11/22/2025 |
| 09/23/2025 | 6435 | $12,728.54 | 11/22/2025 |

5

| 09/23/2025 | 6437 | $25,457.08 | 11/22/2025 |
| 09/23/2025 | 6438 | $6,364.27 | 11/22/2025 |
| 09/23/2025 | 6439 | $12,728.54 | 11/22/2025 |
| 09/23/2025 | 6440 | $12,728.54 | 11/22/2025 |
| 09/23/2025 | 6441 | $25,457.08 | 11/22/2025 |
| 09/23/2025 | 6442 | $6,364.27 | 11/22/2025 |
| 09/23/2025 | 6443 | $6,364.27 | 11/22/2025 |
| 09/23/2025 | 6444 | $6,364.27 | 11/22/2025 |
| 09/23/2025 | 6445 | $6,364.27 | 11/22/2025 |
| 09/23/2025 | 6446 | $6,364.27 | 11/22/2025 |
| 09/25/2025 | 6447 | $6,364.27 | 11/24/2025 |
| 09/26/2025 | 6448 | $25,457.08 | 11/25/2025 |
| 09/26/2025 | 6449 | $6,364.27 | 11/25/2025 |
| 09/26/2025 | 6450 | $12,728.54 | 11/25/2025 |
| 09/26/2025 | 6451 | $25,457.08 | 11/25/2025 |
| 09/26/2025 | 6452 | $6,364.27 | 11/25/2025 |
| 09/26/2025 | 6455 | $6,364.27 | 11/25/2025 |
| 09/26/2025 | 6457 | $6,364.27 | 11/25/2025 |
| 09/26/2025 | 6459 | $12,728.54 | 11/25/2025 |
| 09/26/2025 | 6461 | $12,728.54 | 11/25/2025 |
| 09/26/2025 | 6462 | $12,728.54 | 11/25/2025 |
| 09/26/2025 | 6463 | $12,728.54 | 11/25/2025 |

| 09/26/2025 | 6464 | $25,457.08 | 11/25/2025 |
| 09/30/2025 | 6465 | $6,364.27 | 11/29/2025 |
| 09/30/2025 | 6467 | $12,728.54 | 11/29/2025 |
| 09/30/2025 | 6468 | $6,364.27 | 11/29/2025 |
| 09/30/2025 | 6469 | $12,728.54 | 11/29/2025 |
| 09/30/2025 | 6470 | $12,728.54 | 11/29/2025 |
| 09/30/2025 | 6471 | $6,364.27 | 11/29/2025 |
| 09/30/2025 | 6472 | $12,728.54 | 11/29/2025 |
| 09/30/2025 | 6473 | $6,364.27 | 11/29/2025 |
| 09/30/2025 | 6474 | $25,457.08 | 11/29/2025 |
| 10/02/2025 | 6867 | $10,365.74 | 12/01/2025 |
| 10/03/2025 | 6868 | $5,182.87 | 12/02/2025 |
| 10/03/2025 | 6869 | $10,365.74 | 12/02/2025 |
| 10/03/2025 | 6870 | $20,731.48 | 12/02/2025 |
| 10/03/2025 | 6871 | $10,365.74 | 12/02/2025 |
| 10/03/2025 | 6872 | $5,182.87 | 12/02/2025 |
| 10/03/2025 | 6873 | $5,182.87 | 12/02/2025 |
| 10/03/2025 | 6874 | $10,365.74 | 12/02/2025 |
| 10/03/2025 | 6875 | $20,731.48 | 12/02/2025 |
| 10/03/2025 | 6876 | $20,731.48 | 12/02/2025 |
| 10/07/2025 | 6877 | $10,365.74 | 12/06/2025 |
| 10/07/2025 | 6878 | $5,182.87 | 12/06/2025 |

| | | | |
|---|---|---|---|
| 10/07/2025 | 6879 | $10,365.74 | 12/06/2025 |
| 10/07/2025 | 6880 | $5,182.87 | 12/06/2025 |
| 10/07/2025 | 6881 | $10,365.74 | 12/06/2025 |
| 10/09/2025 | 6882 | $5,182.87 | 12/08/2025 |
| 10/09/2025 | 6883 | $5,182.87 | 12/08/2025 |
| 10/10/2025 | 6884 | $5,182.87 | 12/09/2025 |
| 10/10/2025 | 6885 | $10,365.74 | 12/09/2025 |
| 10/10/2025 | 6886 | $5,182.87 | 12/09/2025 |
| 10/10/2025 | 6887 | $5,182.87 | 12/09/2025 |
| 10/10/2025 | 6888 | $20,731.48 | 12/09/2025 |
| 10/10/2025 | 6889 | $5,182.87 | 12/09/2025 |
| 10/10/2025 | 6890 | $5,182.87 | 12/09/2025 |
| 10/10/2025 | 6891 | $20,731.48 | 12/09/2025 |
| 10/10/2025 | 6892 | $20,731.48 | 12/09/2025 |
| 10/10/2025 | 6893 | $20,731.48 | 12/09/2025 |
| 10/10/2025 | 6894 | $20,731.48 | 12/09/2025 |
| 10/14/2025 | 7229 | $5,182.87 | 12/13/2025 |
| 10/14/2025 | 7231 | $5,182.87 | 12/13/2025 |
| 10/14/2025 | 7233 | $5,182.87 | 12/13/2025 |
| 10/14/2025 | 6940 | $5,182.87 | 12/13/2025 |
| 10/14/2025 | 7235 | $5,182.87 | 12/13/2025 |
| 10/14/2025 | 7236 | $10,365.74 | 12/13/2025 |

| | | | |
|---|---|---|---|
| 10/17/2025 | 7237 | $5,182.87 | 12/16/2025 |
| 10/17/2025 | 7240 | $20,731.48 | 12/16/2025 |
| 10/17/2025 | 7241 | $20,731.48 | 12/16/2025 |
| 10/17/2025 | 7243 | $20,731.48 | 12/16/2025 |
| 10/17/2025 | 7245 | $20,731.48 | 12/16/2025 |
| 10/21/2025 | 7247 | $10,365.74 | 12/20/2025 |
| 10/21/2025 | 7248 | $5,182.87 | 12/20/2025 |
| 10/21/2025 | 7249 | $10,365.74 | 12/20/2025 |
| 10/23/2025 | 7250 | $19,279.54 | 12/22/2025 |
| 10/23/2025 | 7251 | $19,279.54 | 12/22/2025 |
| 10/23/2025 | 7252 | $38,559.09 | 12/22/2025 |
| 10/23/2025 | 7276 | $9,639.77 | 12/22/2025 |
| 10/24/2025 | 7261 | $5,182.87 | 12/23/2025 |
| 10/24/2025 | 7262 | $5,182.87 | 12/23/2025 |
| 10/24/2025 | 7263 | $20,731.48 | 12/23/2025 |
| 10/24/2025 | 7264 | $5,182.87 | 12/23/2025 |
| 10/24/2025 | 7265 | $5,182.87 | 12/23/2025 |
| 10/24/2025 | 7266 | $5,182.87 | 12/23/2025 |
| 10/24/2025 | 7267 | $10,365.74 | 12/23/2025 |
| 10/24/2025 | 7268 | $10,365.74 | 12/23/2025 |
| 10/24/2025 | 7269 | $5,182.87 | 12/23/2025 |
| 10/24/2025 | 7270 | $10,365.74 | 12/23/2025 |

| 10/24/2025 | 7271 | $20,731.48 | 12/23/2025 |
|---|---|---|---|
| 10/28/2025 | 7273 | $5,182.87 | 12/27/2025 |
| 10/28/2025 | 7274 | $5,182.87 | 12/27/2025 |
| 10/28/2025 | 7422 | $9,639.77 | 12/27/2025 |
| 10/30/2025 | 7423 | $19,279.54 | 12/29/2025 |
| 10/30/2025 | 7424 | $19,279.54 | 12/29/2025 |
| 10/30/2025 | 7425 | $38,559.09 | 12/29/2025 |
| 10/31/2025 | 7426 | $10,365.73 | 12/30/2025 |
| 10/31/2025 | 7427 | $20,731.47 | 12/30/2025 |
| 10/31/2025 | 7438 | $31,097.19 | 12/30/2025 |
| 10/31/2025 | 7441 | $19,279.54 | 12/30/2025 |
| 10/31/2025 | 7443 | $9,639.77 | 12/30/2025 |
| 11/04/2025 | 7277 | $5,182.87 | 01/03/2026 |
| 11/04/2025 | 7690 | $5,182.86 | 01/03/2026 |
| 11/04/2025 | 7691 | $9,639.76 | 01/03/2026 |
| 11/06/2025 | 7693 | $9,639.76 | 01/05/2026 |
| 11/06/2025 | 7695 | $9,639.76 | 01/05/2026 |
| 11/06/2025 | 7696 | $9,639.76 | 01/05/2026 |
| 11/06/2025 | 7697 | $9,639.76 | 01/05/2026 |
| 11/06/2025 | 7698 | $9,639.76 | 01/05/2026 |
| 11/07/2025 | 7699 | $10,365.73 | 01/06/2026 |
| 11/07/2025 | 7700 | $20,731.47 | 01/06/2026 |

| 11/07/2025 | 7701 | $20,731.47 | 01/06/2026 |
|---|---|---|---|

22.     Per the terms of the April 29, 2025 Consignment Agreement, Defendant was required to pay the invoices (hereinafter "First Set of Unpaid Invoices") within sixty (60) days of receipt of such invoices but has failed to do so.

23.     The total amount due and owing on the First Set of Unpaid Invoices under the April 29, 2025 Consignment Agreement is $1,481,831.25.

24.     OX has made written and verbal demands to Defendant for payment of the of the past due amounts on the First Set of Unpaid Invoices.

25.     To date, Defendant has failed, and continues to refuse, to pay OX the total amount of $1,481,831.25 ("First Past Due Amount") due and owing on the First Set of Unpaid Invoices pursuant to the terms of the April 29, 2025 Consignment Agreement.

26.     Pursuant to Section 2 of the April 29, 2025 Consignment Agreement, in addition to the First Past Due Amount, OX is entitled to recover a finance charge of 1.5% per month on the amounts due and owing on the First Set of Unpaid Invoices.

27.     In addition to the First Past Due Amount, and pursuant to Section 2 of the April 29, 2025 Consignment Agreement, OX is also entitled to recover all expenses of collection incurred in collecting all amounts due and owing on the First Set of Unpaid Invoices.

**The October 14, 2025 Consignment Agreement**

28.    On or about October 14, 2025, OX and Defendant entered into a subsequent written Consignment Agreement governing the terms under which OX would continue to deliver the human cell, tissue, and xenograft products identified in Exhibit A of the Consignment Agreement (the "Products") to Defendant, which were intended for medical and dermatological use by Defendant.

29.    The October 14, 2025 Consignment Agreement was executed by the parties and became effective on or about November 10, 2025.

30.    Pursuant to the October 14, 2025 Consignment Agreement, OX delivered Products to Defendant on a consignment basis and retained ownership of the Products until utilized by Defendant.

31.    Pursuant to the October 14 2025 Consignment Agreement, Defendant was required to track and notify OX of its utilization of the delivered Products within five (5) business days of the Products use by Defendant.

32.    Upon Defendant's notification of their utilization of the Products, the October 14, 2025 Consignment Agreement states that "OX will issue a Purchase Order and invoice to [Defendant], in accordance with Section 2 of this Agreement."

33.    Section 2 of the October 14, 2025 Consignment Agreement provides that Defendant shall pay all invoices within ninety (90) days of receipt.

12

34.     The October 14, 2025 Consignment Agreement allows OX to levy a finance charge of 1.5% per month, or the maximum amount permitted by law, whichever is less, plus all expenses incurred in collection if Defendant failed to make full payment due on each invoice within ninety days of the date the invoice was received by Defendant.

**Defendant's Utilization of Products and Unpaid Invoices**
**Under the October 14, 2025 Consignment Agreement**

35.     OX delivered certain Products to Defendant pursuant to the October 14, 2025 Consignment Agreement.

36.     Defendant received, accepted, utilized, and otherwise retained all of the Products delivered pursuant to the October 14, 2025 Consignment Agreement.

37.     Pursuant to the October 14, 2025 Consignment Agreement, Defendant agreed to pay OX for all Products utilized.

38.     Based on Defendant's utilization of the Products, OX issued no less than thirteen (13) invoices to Defendant for payment of each of the Products that Defendant utilized pursuant to the October 14, 2025 Consignment Agreement.

39.     The invoices OX issued identified the Products utilized by Defendant, the pricing applicable to those Products, and the total amounts owed by Defendant pursuant to the October 14, 2025 Consignment Agreement.

40.     Defendant received all invoices that OX issued for the Products that Defendant utilized pursuant to the October 14, 2025 Consignment Agreement.

13

41.    Defendant has failed and/or refused to pay all invoices OX issued for the Products utilized by Defendant pursuant to the October 14, 2025 Consignment Agreement.

42.    Specifically, Defendant has not made any payments on the following invoices OX issued for the Products Defendant utilized pursuant to the October 14, 2025 Consignment Agreement:

| Date Issued | Invoice No. | Amount Due | Due Date |
|---|---|---|---|
| 11/13/2025 | 7920 | $9,639.76 | 02/11/2026 |
| 11/13/2025 | 7921 | $19,279.53 | 02/11/2026 |
| 11/13/2025 | 7925 | $9,639.76 | 02/11/2026 |
| 11/14/2025 | 7926 | $10,365.73 | 02/12/2026 |
| 11/14/2025 | 7927 | $20,731.47 | 02/12/2026 |
| 11/14/2025 | 7928 | $5,182.86 | 02/12/2026 |
| 11/14/2025 | 7930 | $5,182.86 | 02/12/2026 |
| 11/14/2025 | 7931 | $5,182.86 | 02/12/2026 |
| 11/20/2025 | 8362 | $19,279.53 | 02/18/2026 |
| 11/25/2025 | 8363 | $20,731.47 | 02/23/2026 |
| 12/02/2025 | 8582 | $20,731.47 | 03/02/2026 |
| 12/09/2025 | 8583 | $10,365.72 | 03/09/2026 |
| 01/07/2026 | 9114 | $6,942.84 | 04/07/2026 |

43.    Per the terms of the October 14, 2025 Consignment Agreement, Defendant was required to pay the invoices (hereinafter "Second Set of Unpaid Invoices") within ninety (90) days of receipt of such invoices but has failed to do so.

44.    The total amount due and owing on the Second Set of Unpaid Invoices under the October 14, 2025 Consignment Agreement is $163,255.86.

45.    OX has made written and verbal demands to Defendant for payment of the of the past due amounts on the Second Set of Unpaid Invoices.

46.    To date, Defendant has failed, and continues to refuse, to pay OX the total amount of $163,255.86 ("Past Due Amount") due and owing on the Second Set of Unpaid Invoices pursuant to the terms of the October 14, 2025 Consignment Agreement.

47.    Pursuant to Section 2 of the October 14, 2025 Consignment Agreement, in addition to the Past Due Amount, OX is entitled to recover a finance charge of 1.5% per month on the amounts due and owing on the Second Set of Unpaid Invoices.

48.    In addition to the Past Due Amount, and pursuant to Section 2 of the October 14, 2025 Consignment Agreement, OX is also entitled to recover all expenses of collection incurred in collecting all amounts due and owing on the Second Set of Unpaid Invoices.

## COUNT I—BREACH OF CONTRACT
### April 29, 2025 Consignment Agreement

49.     OX realleges and incorporates Paragraphs one (1) through twenty-seven (27) above as if fully set forth herein, and further states:

50.     OX and Defendant entered into a valid and enforceable contract, the April 29, 2025 Consignment Agreement, which governs the delivery of Products by OX to Defendant, as well as Defendant's payment obligations for the Products it utilized.

51.     OX fully performed its obligations under the April 29, 2025 Consignment Agreement by delivering all Products to Defendant and issuing invoices to Defendant for the Products utilized by Defendant.

52.     Defendant received, accepted, utilized, and otherwise retained all of the Products that OX delivered under the April 29, 2025 Consignment Agreement.

53.     Defendant materially breached the April 29, 2025 Consignment Agreement by utilizing the Products and failing to pay the First Set of Unpaid Invoices within sixty (60) days of receipt.

54.     As a direct and proximate result of Defendant's breach of the April 29, 2025 Consignment Agreement, OX has suffered damages in the amount no less than $1,481,831.25, as well as all costs of collection and the 1.5% finance charge on First Past Due Amount.

16

## COUNT II—BREACH OF CONTRACT
## October 14, 2025 Consignment Agreement

55.    OX realleges and incorporates Paragraphs one (1) through six (6) and twenty-eight (28) through forty-eight (48) above as if fully set forth herein, and further states:

56.    OX and Defendant entered into a valid and enforceable contract, the October 14, 2025 Consignment Agreement, which governs the delivery of Products by OX to Defendant, as well as Defendant's payment obligations for the Products it utilized.

57.    OX fully performed its obligations under the October 14, 2025 Consignment Agreement by delivering all Products to Defendant and issuing invoices to Defendant for the Products utilized by Defendant.

58.    Defendant received, accepted, utilized, and otherwise retained all of the Products that OX delivered under the October 14, 2025 Consignment Agreement.

59.    Defendant materially breached the October 14, 2025 Consignment Agreement by utilizing the Products and failing to pay the Second Set of Unpaid Invoices within ninety (90) days of receipt.

60.    As a direct and proximate result of Defendant's breach of the October 14, 2025 Consignment Agreement, OX has suffered damages in the amount no less than $163,255.86, as well as all costs of collection and the 1.5% finance charge on Second Past Due Amount.

17

## COUNT III—ACCOUNT STATED

61.     OX realleges and incorporates Paragraphs one (1) through forty-eight (48) above as if fully set forth herein, and further states:

62.     OX and Defendant engaged in a series of transactions whereby OX delivered Products to Defendant that were then utilized by Defendant.

63.     OX rendered invoices to Defendant reflecting the amounts due for the Products delivered and utilized by Defendant.

64.     OX also rendered a statement to Defendant reflecting the total amount due on the invoices for the Products utilized.  A true and correct copy of the statement is attached hereto as **Exhibit A**.

65.     Defendant received the invoices and the statement and made no objection after receiving them.

66.      Defendant accepted the correctness of the account by failing to object to the invoices and the statement following receipt and by retaining and utilizing the Products OX delivered.

67.     Therefore, an account stated was created between OX and Defendant for the unpaid balance owed by Defendant on the invoices and reflected in the statement.

68.     A balance remains due and unpaid, for which Defendant agreed to pay.

18

69.     OX has been damaged in the amount no less than $1,645,087.11, as well as all costs of collection and the 1.5% finance charge on the unpaid invoices.

## COUNT IV—OPEN ACCOUNT

70.     OX realleges and incorporates Paragraphs one (1) through forty-eight (48) above as if fully set forth herein, and further states:

71.     OX and Defendant engaged in a continuing business relationship involving a series of transactions in which OX delivered Products to Defendant and Defendant utilized the Products.

72.     The Products were delivered to, received, accepted, and utilized by Defendant.

73.     OX maintained records reflecting debits for Products delivered to and utilized by Defendant and credits for payments received from Defendant for the Products utilized by Defendant ("Account Summary"), reflecting a continuing course of dealing and running balance with the expectation that additional transactions would occur over time.  See **Exhibit A**.

74.     Defendant has failed to pay the full balance due on the open account, as reflected in the Account Summary, resulting in a debt.

75.     The debt remains unresolved, and, at present, Defendant owes OX the debt of $1,645,087.11, plus applicable interest.

19

## COUNT V—UNJUST ENRICHMENT

76.    OX realleges and incorporates Paragraphs one (1) through forty-eight (48) above as if fully set forth herein, and further states:

77.    OX conferred a benefit upon Defendant by delivering the Products to Defendant.

78.    Defendant knowingly accepted and retained the benefit by utilizing the Products in its practice.

79.    Defendant retained the benefit without paying OX the full value of the Products delivered and utilized.

80.    As a direct and proximate result of Defendant's failure to pay, OX has been damaged in the amount no less than $1,645,087.11.

81.    Under the circumstances, it would be inequitable for Defendant to retain the benefits without paying OX the full amount due and owing, and OX is without an adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff OX respectfully requests that the Court enter an Order granting the relief sought in this Complaint, including but not limited to:

i.    Judgment in favor of OX including an award of compensatory damages in the amount of $1,645,087.11 or as otherwise proven at trial;

ii.    An award of pre- and/or post-judgment interest;

iii.    An award of late fees in the amount of 1.5% per month or the maximum amount permitted by law, if lower, pursuant to the Consignment Agreements;

iv.    An award of attorney's fees and costs, and all other expenses incurred by OX to collect sums owed but unpaid by Defendant pursuant to the Consignment Agreements; and

v.    For such other and further relief as this Court deems just and proper.

DATED THIS: April 17, 2026

Respectfully submitted,

**WARGO, FRENCH & SINGER LLP**
*Counsel for Plaintiff OX BioMed LLC*
1 Alhambra Plaza, Suite 1410
Coral Gables, Florida 33134
Telephone:  (305) 777-6000
Facsimile:   (305) 777-6001
Email:    dperez@wfslaw.com
Service:  flservice1@wfslaw.com


By:  */s/ Daniel H. Perez*
     DANIEL H. PEREZ
     Florida Bar No. 106141
     J. BLAKE MANSKER
     Florida Bar No. 1041091

22